UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00139-LLK

CHARLES E. TOMES, Jr.                                                                                      PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits.  The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 13 and 18.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Plaintiff presents two arguments that the Administrative Law Judge's ("ALJ's") findings were inadequate to facilitate meaningful judicial review.  Because both arguments are persuasive, the Court will REMAND this matter to the Commissioner for a new decision.

### The ALJ's Listing findings were inadequate.

First, Plaintiff argues that the ALJ's findings in support of the ALJ's conclusion that his impairments do not satisfy Listing 1.04 were inadequate to facilitate meaningful judicial review.  [DN 13 at 2-4].  For the reasons below, the argument is persuasive.

The ALJ must discuss whether Plaintiff satisfies a particular Listing "where the record raises 'a substantial question as to whether [he] could qualify as disabled' under a listing." *Smith-Johnson v. Comm'r*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)); *see also Reynolds v. Comm'r*, 424 F. App'x 411, 416 (6th Cir. 2011) (remanding for a new decision

because the ALJ's findings regarding whether Reynolds's impairments satisfied Listing 1.04 were inadequate to "facilitate meaningful judicial review").

In 1995, Plaintiff was injured in a motor vehicle accident. [DN 9-7 at PageID # 528]. The ALJ acknowledged that Plaintiff suffers from severe, or vocationally significant, "degenerative changes of the cervical and lumbar spine, wedge compression fractures of the thoracic spine, and neuropathy." [DN 9-2 at 60]. The ALJ concluded that these impairments do not satisfy Listing 1.04 for the following reasons:

> The claimant's degenerative disc disease does not meet Listing 1.04 because the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of:  A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising; or B) spinal arachnoiditis; or C) lumbar spinal stenosis resulting in pseudoclaudication.  The record showed that the claimant had 5/5 strength.  (Exhibit 9F pg. 5)

Id. at 61.  These findings correspond to subsections (A), (B), and (C) of Listing 1.04.

On June 7, 2017, Plaintiff visited the Scottsville Rural Health Clinic to become a new patient because his "left leg [was] giv[ing] out on him at times, it just goes weak for no reason" and because he wanted "a colonoscopy for colon cancer screening" due to "problems with rectal pain." [Exhibit 9F, DN 9-7 at 528].  A staff member apparently performed a routine physical examination and, as 1 of 37 negative examination findings, indicated that Plaintiff has "5/5 strength,"[1] which was at odds with one of the purposes of Plaintiff's visit, i.e., left leg weakness. Id. at 529.  Contrary to the ALJ's suggestion, this single perfunctory finding did not render the issue of whether Plaintiff satisfies Listing 1.04(A) not a "substantial question" as contemplated by Smith-Johnson, 579 F. App'x at 432.

Additionally, the ALJ's own references to significant imagining/MRI findings in support of a conclusion that Plaintiff retains the ability to perform light work raise the question of whether Plaintiff's impairments satisfy Listing 1.04 (emphasis added):

---

[1] The actual finding was:  "Neuro … Motor … **No** (emphasis added) strength 5/5 throughout."  [DN 9-7 at 528]. While, in context, it could be argued that the "no" was superfluous because, for example, other findings include "no rashes or lesions noted," ultimately, the finding was equivocal.

> … April 23, 2012 imagining of the lumbar spine showed a wedge **compression** deformity at T12 with 30% loss of disc height, and moderate bilateral neural foraminal **narrowing** at L5-S1. … A November 21, 2014 imaging of the thoracic spine showed a **compression** fracture at T12. Imaging of the cervical spine from the same date showed disc space **narrowing** at C5-6 and C6-7. … A December 23, 2014 MRI of the thoracic spine showed **compression** fractures of T3, T4, and T12. … A June 9, 2017 MRI of the lumbar spine showed a small disc **protrusion** at L5-S1. … A September 29, 2017 MRI of the cervical spine showed moderate to severe right neural foraminal **stenosis** at C4-5, severe right foraminal and moderate central and left at C5-6, and severe bilateral neural foraminal **stenosis** at C6-7.

[DN 9-2 at 62-63]. "Evidence of nerve root compression" and "spinal stenosis" are defining features of Listing 1.04. Therefore, the ALJ's findings in support of the ALJ's conclusion that Plaintiff's impairments do not satisfy Listing 1.04 were inadequate to facilitate meaningful judicial review.

**The ALJ's RFC findings were inadequate.**

Second, Plaintiff argues that the ALJ's findings in support of the ALJ's conclusion that he has a residual functional capacity (RFC) for light work were inadequate to facilitate meaningful judicial review. [DN 13 at 4-5]. For the reasons below, the argument is persuasive.

As indicated above, the ALJ found, notwithstanding significant imaging/MRI results, that Plaintiff has an RFC for light work. [DN 9-2 at 61-63]. Light work requires, among other things, standing/walking 6 hours per 8-hour workday (with sitting during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. Additionally, the ALJ found that Plaintiff can "occasionally climb ramps or stairs and occasionally balance, stoop, kneel, crouch, and crawl" and can engage in "frequent bilateral handling." [DN 9-2 at 61]. The ALJ apparently based his RFC findings on his own interpretation of Plaintiff's diagnoses and other raw medical data, without citing a single medical opinion regarding what Plaintiff can still do despite his impairments. *Id.* at 61-64.

There is no bright-line rule that an ALJ's RFC findings require or do not require a supporting medical opinion. *See Sadler v. Comm'r*, No. 18-11689, 2019 WL 4892419, at *6 (E.D. Mich. Aug. 16, 2019) ("There is no "brightline rule that medical opinions must [always] be the building blocks of the [ALJ's] RFC."). "In a limited number of instances, where the medical evidence shows comparatively little physical

3

impairment, an [ALJ] may be able to make a commonsense determination about a claimant's [RFC]." See *Childress v. Comm'r*, No. 1: 16-CV-00119-HBB, 2017 WL 758941, at *4 (W.D. Ky. Feb. 27, 2017) (collecting authorities).  However, in most cases, where there is more than little impairment, "[c]ritical to the [RFC] finding are medical source statements expressing medical opinions regarding functional limitations caused by the claimant's physical or mental impairments."  *Id.* (citing 20 C.F.R. §§ 404.1513(c), 404.1527, 404.1529, 404.1545(a), 404.1546).  As in *Childress*, the ALJ's RFC findings based on his own lay interpretation of the imaging/MRI evidence does not qualify as a proper, commonsense determination.  Therefore, the ALJ's findings in support of the ALJ's conclusion that Plaintiff has an RFC for light work were inadequate to facilitate meaningful judicial review.

## Order

Because the Administrative Law Judge's ("ALJ's") findings were inadequate to facilitate meaningful judicial review, the Court hereby REMANDS this matter to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

May 28, 2020

**Lanny King, Magistrate Judge**
**United States District Court**